[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13790
Non-Argument Calendar

_____

Agency No. A098-736-600

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2011
JOHN LEY
CLERK

LEONARDO HUMBERTO GUZMAN GOMEZ,
ELIANA ESTHER VAN ARCKEN-BAUTISTA,
CATALINA GUZMAN-VAN ARCKEN,
MARIANNA GUZMAN-VAN ARCKEN,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 8, 2011)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Leonardo Humberto Guzman Gomez ("Gomez"), a native and citizen of Colombia, seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a); withholding of removal under the INA, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). After thorough review, we deny Gomez's petition.[1]

Where, as here, the BIA issues its own opinion, we review only that opinion, except to the extent that the BIA expressly adopts the IJ's reasoning. Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1324 (11th Cir. 2010). We review the BIA's legal conclusions de novo and findings of fact for substantial evidence. Id.; Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350–51 (11th Cir. 2009). Under the highly deferential substantial evidence test, we will reverse only if the record compels it, and the "mere fact that the record may support a contrary

---

[1] Gomez's wife and minor children did not file separate applications for asylum or withholding of removal but rather seek relief as derivative beneficiaries. While family members of an applicant may seek derivative asylee status under 8 U.S.C. § 1158(b)(3)(A), they may not seek derivative relief with respect to a claim for withholding of removal. See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007).

2

conclusion is not enough to justify a reversal of the administrative findings."

Kazemzadeh, 577 F.3d at 1351 (quotation marks omitted).

I.

To establish asylum eligibility, an alien must present specific and credible evidence of either past persecution or a "well-founded fear" of future persecution on account of a protected ground. See INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); see also Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230–31 (11th Cir. 2005). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotation marks omitted).

In the absence of past persecution, an applicant may establish a well-founded fear of future persecution by showing that there is a reasonable possibility that he will be persecuted if returned to his country of origin. See 8 C.F.R. § 208.13(b)(2)(i)(B); Kazemzadeh, 577 F.3d at 1352. However, "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(2)(ii). The applicant bears the burden of proving that it would be unreasonable for him to relocate. Id. at § 208.13(b)(3)(i).

Substantial evidence supports the BIA's finding that Gomez failed to prove past persecution. Gomez testified before the IJ that a guerilla group, the Autodefensas Unidas de Colombia ("AUC"), threatened him over the telephone, stole his cattle and horses, and eventually threatened him in a face-to-face encounter when Gomez refused to give the group money and land. We have held that "menacing telephone calls and [verbal] threats . . . do not rise to the level of past persecution." Sepulveda, 401 F.3d at 1231. Moreover, Gomez failed to establish that the AUC committed these acts against him on account of a statutorily protected ground. See INA § 101(a)(42), 8 U.S.C. § 1101(a)(42)(A). Gomez testified that the AUC harassed him because it wanted his money and land. Land ownership and wealth, however, are not statutorily protected grounds. See INA § 101(a)(42), 8 U.S.C. § 1101(a)(42)(a).

Substantial evidence also supports the BIA's finding that Gomez failed to establish a well-founded fear of future persecution.[2] The record does not compel the conclusion that Gomez has an objectively reasonable fear that the AUC would persecute him in the future on account of any statutorily protected ground. Nor

---

[2] We dismiss Gomez's petition to the extent it raises a claim for asylum based on a pattern or practice of persecution in Colombia. Because Gomez did not raise a pattern and practice claim before the IJ or BIA, we lack jurisdiction over that issue. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006) (explaining that we lack jurisdiction over claims that an applicant has not exhausted administratively).

4

has Gomez established that it would be unreasonable for him to relocate to a different part of Colombia where he would be less likely to encounter members of the AUC. We therefore deny Gomez's petition as to his asylum claim.

## II.

An applicant who is unable to meet the standard for asylum generally will be unable to meet the more stringent standards for withholding of removal and CAT relief. See Sepulveda, 401 F.3d at 1232–33 (discussing withholding of removal); Najjar v. Ashcroft, 257 F.3d 1262, 1303 (11th Cir. 2001) (discussing CAT relief). To establish eligibility for CAT relief, the applicant must demonstrate that it is more likely that not that he would be tortured upon removal. 8 C.F.R. § 208.16(c)(4). Similarly, to establish eligibility for withholding of removal, the alien must show that his "life or freedom would be threatened" in the country of removal on account of a protected ground. 8 C.F.R. § 208.16(b).

The BIA properly denied Gomez's claims for CAT relief and withholding of removal. Gomez failed to establish that he would be tortured by, or with the acquiescence of, a government official in Colombia. Substantial evidence also supports the BIA's determination that Gomez failed to establish that his life or freedom would be threatened in Colombia based on one of the statutorily protected

grounds. Because the record does not compel us to reject the BIA's conclusions,

we deny Gomez's petition as to these claims. See 8 C.F.R. §§ 208.16(b), (c)(4).

PETITION DENIED.